UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEON'DRE T. TOWNSEND,

                Plaintiff,

v.                                             Case No. 20-cv-1126-pp

MILAWAUKEE COUNTY POLICE DEPARTMENT,
MILWAUKEE COUNTY SHERIFF'S DEPARTMENT,
MILWAUKEE COUNTY CIRCUIT COURT and
DISTRICT ATTORNEYS OFFICE,

                Defendants.

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

---

Deon'dre T. Townsend, an inmate at the Milwaukee County Jail who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let a prisoner plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 23, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $20.67. Dkt. No. 5. The court received that fee on August 19, 2020. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

2

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued "Milwaukee County, (Police Department)," the Milwaukee County Sheriff's Department, the Milwaukee County Circuit Court and the District Attorney's Office. Dkt. No. 1 at 1.

He says that on October 21, 2019, "Detective Guy Froley, and responding MPD squads of PO David Michaels, squad #7469, squad #7440, PO Charles Scaife and Laura Nirode of squad #7420[,] [a]nd numerous other Detectives, and marked squads" violated his Fourth Amendment rights. Id. at 3. The plaintiff alleges that they invaded and searched his home without a warrant

3

and "ma[de] a warrantless arrest." Id. The plaintiff asserts that this happened even though a resident of the residence refused to give them consent and told them to get a warrant. Id. The plaintiff explains that they believed he might be a suspect in an investigation and might live at the residence. Id. at 3-4.

The plaintiff argues that since then, his Fifth, Sixth and Fourteenth Amendment rights have been violated, although he does not specify who violated his rights or what they did to violate his rights. Id. at 4. The plaintiff says he is being illegally imprisoned, and Milwaukee County has defamed his character on the television news, in the paper and on social media. Id. The plaintiff asserts that he has lost his car and home, and his fiancée broke up with him and cut him out of their daughter's life because he missed her birth. Id.

The plaintiff states that he has been beaten up by other inmates and treated unfairly by jail staff. Id. He alleges that his mother's life has been threatened. Id. The plaintiff also asserts that he has been "illegal[l]y confined (trap[p]ed) during a life threatening pandemic." Id. He explains that he is "locked in a cell 25½ hours at a time." Id. The plaintiff asserts that he has experienced physical, emotional and financial stress and damage. Id. He states that he can't sleep at night, he's lost hair, and he always must watch his back and cell because people might beat him up or steal his stuff. Id.

The plaintiff seeks $8,650,000 in money damages and asks that his record be expunged of all charges following the night of October 21, 2019. Id. at 5. The plaintiff also requests that, "[i]f wrongly convicted for charges arrange

4

[his] immediate release and to pay any state imposed debt following charges." Id.

    C.    Analysis

        1.    *Named Defendants*

The plaintiff has sued the Milwaukee County Police Department (the court assumes he means the City of Milwaukee Police Department), the Milwaukee County Sheriff's Department, the Milwaukee County Circuit Court and the District Attorney's Office. The Sheriff's Department, Circuit Court and District Attorney's Office are arms of the state and cannot be sued under 42 U.S.C. §1983, and the police department is not subject to suit under Wisconsin law. See Jackson v. Bloomfield Police Dep't., 764 F. App'x 557, 558 (7th Cir. 2019).

Under §1983, a plaintiff must sue only those individuals who were personally involved in the alleged constitutional violation. Colbert v. City of Chi., 851 F.3d 649. 657 (7th Cir. 2017). The complaint identifies a few individuals (Detective Froley and police officers Michaels, Scaife and Nirode), but the plaintiff has not named them as defendants. If the plaintiff intended to sue these individuals, he needed to list them in the caption of his complaint.

        2.    *Claims Relating to the Events that Led to the Plaintiff's Criminal Prosecution*

The complaint alleges that Froley, Michaels, Scaife and Nirode, along with "numerous other detectives and marked squads," violated his Fourth Amendment rights when they entered and searched a residence without a warrant and without consent, and when they conducted a warrantless arrest.

5

The court infers from the allegations that the plaintiff was the person who was arrested without a warrant.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Among those places that can be searched by the police, one's home is the most sacrosanct, and receives the greatest Fourth Amendment protection. See Payton v. New York, 445 U.S. 573, 585 (1980) (quoting United States v. United States District Court, 407 U.S. 297, 313 (1972)) ("[T]he 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'"). Law enforcement is prohibited from entering a home or dwelling without a warrant in all but the most exceptional cases. Id. at 586. And a warrantless search is presumed "unreasonable" unless the police can show that it falls within one of several carefully defined exceptions. See, *e.g.*, Sutterfield v. City of Milwaukee, 751 F.3d 542, 553 (7th Cir. 2014).

The plaintiff does not say whether it was *his* residence that was searched, and he does not say what he was doing at the residence. If the court had the ability to consider the plaintiff's Fourth Amendment claim, this information would matter; it could determine whether he had a "legitimate expectation of privacy" such that he has the right to raise a Fourth Amendment claim. See Minnesota v. Carter, 525 U.S. 83, 90-91 (1998). The plaintiff asserts that law enforcement believed he was a suspect in an investigation and that he might be living at the residence. Without more information, the court would not be able to evaluate whether the officers' entry into and search of the residence

6

without a warrant might have been justified under one of the defined exceptions.

But even if the court had all that missing information, the court could not allow the plaintiff to proceed on his claims about the warrantless entry, search and arrest in this §1983 case. The plaintiff states in the section describing the relief he wants that "*if* wrongfully convicted for charges," he seeks immediate release. Dkt. No. 1 at 5 (emphasis added).This wording implies that the criminal proceedings against the plaintiff have not concluded. The court checked the Wisconsin Circuit Court Access Program, the publicly available state-court docket. On October 25, 2019, a complaint was filed against the defendant in Milwaukee County Circuit Court. State v. Townsend, 2019CF004749 (Milwaukee County), available at https://wcca.wicourts.gov. As of October 26, 2020, the plaintiff remains in custody and the case remains pending, with a motion hearing scheduled for December 9, 2020 and a jury trial scheduled for January 4, 2021. Id.

The plaintiff cannot use §1983 to "attack his pending criminal charges or seek release from confinement," because "[t]his release is unavailable under § 1983." Leek v. Edmonds, No. 19-cv-00711-SMY, 2020 WL 607110, at *2 (S.D. Ill. Feb. 7, 2020). An incarcerated person who wants to challenge the fact or the duration of his confinement may do so by filing a petition for a writ of *habeas corpus*. Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In fact, the state docket shows that the plaintiff has filed several motions in the state criminal case, objecting to the allegedly illegal search and seizure, alleging false

7

imprisonment and seeking *habeas* relief. State v. Townsend, 2019CF004749 (Milwaukee County), available at https://wcca.wicourts.gov. The plaintiff also has filed a petition for a writ of *habeas corpus* on March 23, 2020. Townsend v. State of Wisconsin Courts, Case No. 20-cv-465-pp. It is appropriate for the plaintiff to seek release from custody by filing a *habeas* petition in federal court, but he cannot obtain release from custody through this §1983 case.

> 3. *Claims Relating to the Conditions of the Plaintiff's Confinement*

In addition to the alleged Fourth Amendment violations, the plaintiff alleges that he has endured unconstitutional conditions of confinement while he has been a pretrial detainee at the Milwaukee County Jail. The plaintiff alleges that he is confined to his cell for twenty-five and a half hours per day and that unidentified jail staff have treated him unfairly. He also states that other inmates have beaten him up and taken his belongings, implying that jail staff are not adequately protecting him from other inmates.

These are the kinds of claims that a plaintiff *can* bring in a federal §1983 lawsuit. But the plaintiff has not told the court who did these things to him, or when. He does not say who has required him to be confined to his cell for twenty-five and a half hours a day. He does not say who treated him unfairly, or how. He does not explain whether any jail staff knew that he was at risk of being beaten by other inmates or having his property stolen. Without these facts the court cannot tell whether the plaintiff can state claims for unconstitutional conditions of confinement.

It is also likely that the plaintiff cannot bring all these different claims in one lawsuit. While the law allows a plaintiff to allege multiple claims against a single defendant in the same case, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012).

Unless the same defendants (a) are responsible for confining the plaintiff to his cell for twenty-five and a half hours a day, (b) treated him unfairly and (c) failed to protected him from being beaten and victimized by other inmates, the plaintiff cannot bring all of those claims in the same lawsuit. He will need to file a separate lawsuit against each set of defendants for each of the claims.

4. *Amending the Complaint*

The court will allow the plaintiff to file an amended complaint, selecting one of his conditions-of-confinement claims to bring in this case. He may name as defendants those individuals who are personally responsible for a constitutional violation. Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Supervisors are not liable for the alleged misconduct of their subordinates, employers are not liable for the alleged misconduct of their employees, and employees are not liable for the alleged misconduct of their co-workers unless

9

they knew about the alleged unconstitutional activity and condoned it or deliberately turned a blind eye to it. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). The plaintiff must identify in the caption of his amended complaint and in his allegations only those individuals who were personally involved in allegedly violating his constitutional rights.

If the plaintiff does not know the name of an individual whom he believes violated his rights, he may use the names "John Doe" or "Jane Doe" as placeholders. If, after screening his amended complaint, the court allows the plaintiff to proceed with a claim against a Doe defendant, the court will give the plaintiff the opportunity to use discovery to learn the name of the Doe.

To state a claim, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While he simply has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). For example, a list of multiple defendants followed by a legal conclusion such as "they treated me unfairly" or "they failed to protect me" will not be enough. The plaintiff must include enough facts in his amended complaint for the court and each defendant to understand what each defendant did or did not do to allegedly violate the plaintiff's rights, when they did it, where they did it and how.

The court will provide the plaintiff with a blank prisoner complaint form; he must use this form if he files an amended complaint. He must write the word "Amended" in front of the word "Complaint" at the top of the first page. He must put the case number for this case—20-cv-1126—in the space provided for the case number. He must use the lines on pages two and three under "Statement of Claim" to explain what each defendant did to violate his constitutional rights. The amended complaint takes the place of the first complaint and must be complete in itself; the plaintiff may not refer the court back to his original complaint. He must include all the allegations he wishes to make against all the defendants he wants to sue on the claim he selects.

If he chooses to file an amended complaint, he must do so in time for the court to receive it by the deadline the court will set below. If he does not want to proceed with this case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain to the court why he is unable to do so), the court will conclude that he no longer wishes to proceed with this case and will dismiss the case without prejudice, meaning that he can refile the complaint at a later date subject to the relevant statute of limitations.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint names defendants who he cannot sue, pursues claims that the court cannot resolve until after his

11

criminal proceedings (including appeals) conclude and seeks relief the court cannot provide. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **December 4, 2020**. If the court receives an amended complaint by the end of the day on December 4, 2020, the court will screen it as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the end of the day on December 4, 2020, the court will dismiss this case on the next business day without further notice or hearing.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$317.33** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin, this 29th day of October, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**